UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

Julian Ari Shulman, on his own behalf and
on behalf of all others similarly situated,

        Plaintiff,

vs.

Amazon.com, Inc.
P.O. Box 81226
Seattle, WA 98108-1226

Susan Arnett
Amazon.com, Inc.
P.O. Box 81226
Seattle, WA 98108-1226

Kirsten Mitchell
Amazon.com, Inc.
P.O. Box 81226
Seattle, WA 98108-1226

Does 1 through XXV,
Officers, Agents and/or Managers
of Amazon.com, Inc.
Amazon.com, Inc.
P.O. Box 81226
Seattle, WA 98108-1226,

        Defendants.

Case No. 2:12-cv-00392-RTR

---

**DEFENDANT AMAZON.COM, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR RELIEF FROM ORDER OF DISMISSAL**

---

Defendant Amazon.com, Inc. ("Amazon.com"), by its attorneys, Littler Mendelson, P.C., submits the following opposition to Plaintiff's Motion for Relief from Order of Dismissal (Dkt. #15).

**I. PROCEDURAL HISTORY**

On May 7, 2012, Amazon.com filed a motion to dismiss for lack of personal jurisdiction. (Dkt. #5). Plaintiff failed to oppose this motion – in any way – and the Court dismissed the case

on June 19, 2012.  (Dkt. #12, 13).  Plaintiff has now moved, pursuant to Federal Rule of Civil Procedure 60(b)(2), to set aside the Court's dismissal order.  (Dkt. #15).  Plaintiff's motion is based on nothing more than his pure speculation that a webpage indicating that Amazon.com has a "partnership with Wisconsin Public Radio" ("WPR") (Dkt. #15) establishes sufficient contacts for the Court to exercise jurisdiction over Amazon.com.  As fully set forth in Amazon.com's brief in support of its motion to dismiss (Dkt. #5), which is incorporated herein by reference, the Court lacks personal jurisdiction over Amazon.com because:  (1) Amazon.com does not have sufficient minimum contacts with the state of Wisconsin to subject it to general personal jurisdiction in this state, and (2) the Court further lacks specific personal jurisdiction over this dispute, which has absolutely no connection to the state of Wisconsin.

## II. PLAINTIFF'S MOTION FOR RELIEF IS WITHOUT FOUNDATION OR LEGAL BASIS AND SHOULD BE DENIED

Plaintiff's Motion seeks relief from the Court's Order dismissing this matter based solely upon Federal Rule of Civil Procedure 60(b)(2).  Yet this rule applies only in cases of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Fed. R. Civ. P. 60(b)(2).  Here, Plaintiff did not make any attempt to oppose Amazon.com's motion to dismiss, nor has he explained why the webpage he now wishes to provide to the Court could not have been discovered with reasonable diligence prior to the Court's order dismissing his Complaint.  In fact, Plaintiff's brief admits that the webpage "seems to be from 2011" and, thus, would have been available to him with any degree of diligence prior to the dismissal of his case. (Dkt. #16).  Accordingly, Plaintiff cannot meet the standard required to obtain relief from the Court's Order set forth in Rule 60(b)(2), and his motion should be denied.

Moreover, Exhibit A to Plaintiff's Motion (the webpage printout) is inadmissible hearsay that may not be considered in any event. *See U.S. v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000) (finding that internet web postings were inadmissible hearsay without any exclusion). Plaintiff has failed to authenticate the document and certainly does not purport to have any personal knowledge relative to Amazon.com, Inc.'s "partnership with WPR."

Finally, Plaintiff's motion for relief should be denied for the additional reason that the purported relationship between Amazon.com and WPR – of which Plaintiff has no personal knowledge – does not establish general personal jurisdiction over Amazon.com, and has no bearing on the Court's lack of specific personal jurisdiction over this dispute. As the Seventh Circuit Court of Appeals has made clear, the mere sale of goods to Wisconsin residents via the internet is not sufficient to establish general personal jurisdiction over any defendant. *uBID, Inc. v. The GoDaddy Group, Inc.*, 623 F.3d. 421, 426, 432-433 (7th Cir. 2010). The *uBID, Inc.* court provided the following example to highlight that it would be unfair to extend general jurisdiction over a foreign internet-based business, which is particularly illustrative in this case:

> Imagine an Illinois visitor to GoDaddy's headquarters in Arizona who slipped, fell, and then sued for the injury, or a GoDaddy employee who worked in Arizona, was fired, moved to Illinois, and then sued for wrongful termination. There is no reason for GoDaddy to expect, as it goes about its business of selling domain names in Illinois, that it is thereby exposing itself to such lawsuits in Illinois.

*Id*. at 426 (emphasis added). The Court's Order in this case cited this specific language as the basis for dismissing Plaintiff's Complaint for lack of jurisdiction and Plaintiff's motion offers no reason to disturb the Court's decision.

Indeed, Plaintiff's motion merely claims that Amazon.com had a "partnership" with WPR which, as the webpage indicates, allows WPR to receive a small referral fee or donation for products bought by customers linking to the Amazon.com website through the WPR's

homepage. This arrangement, referred to as the "Amazon Affiliate Program" on the webpage, is the same type of contacts which Amazon.com has already established are insufficient to establish jurisdiction (*i.e.*, general advertisement and internet sales). As stated previously, and as remains unrefuted by Plaintiff, Amazon.com, Inc. does not maintain any physical presence in Wisconsin, does not have any offices, fulfillment centers or customer service centers in Wisconsin, has no agent for service of process, sales representative, or employees in Wisconsin, does not own or lease any real property or personal property in Wisconsin, and does not maintain a bank account or deposit account in Wisconsin. (Dkt. #7, ¶ 2-9.) In addition, the advertisement bears no connection to his claim and, thus, has no impact on the jurisdictional analysis previously argued by Amazon.com. Simply put, Plaintiff's Motion offers nothing to establish Amazon.com had sufficient contacts with the state of Wisconsin to subject it to either general or specific personal jurisdiction in this state in connection with the claims asserted in Plaintiff's Complaint.

## III. CONCLUSION

For any and all of the reasons set forth above, as well as those in Amazon.com's original brief in support of its motion to dismiss (Dkt. #5), Amazon.com respectfully requests that the Court deny Plaintiffs' Motion for Relief from Order of Dismissal.

Dated this 24th day of July, 2012.

    *s/ Susan K. Fitzke*
Susan K. Fitzke (SBN: 1065223)
sfitzke@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
Telephone: 612.630.1000
Facsimile: 612.630.9626

**ATTORNEYS FOR DEFENDANTS**