# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JULIAN ARI SHULMAN,

           Plaintiff,

     -vs-                                            Case No. 12-C-392

AMAZON.COM, Inc., SUSAN ARNETT,
KIRSTEN MITCHELL, JOHN DOES I-XXV,

           Defendants.

## DECISION AND ORDER

On February 15, 2013, the Court ordered the plaintiff, Julian Shulman, to pay the defendants' attorneys' fees that were incurred in response to one of Shulman's numerous post-judgment motions. The Court also warned Mr. Shulman that if he "continues to file frivolous motions, he may be subject to a filing bar." ECF No. 43, Decision and Order at 1. Instead of heeding this warning, Shulman did exactly what the Court warned him he shouldn't do; he filed another frivolous motion. Enough is enough.

First, a brief summary of the proceedings to date. Shulman's peregrination began when he sued Amazon in state court. Amazon removed Shulman's complaint to federal court and moved to dismiss. The Court dismissed for lack of personal jurisdiction because the events giving rise to Shulman's lawsuit occurred in Kentucky. ECF No. 12, June 19, 2012 Decision and Order, at 1 (citing *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 426 (7th Cir. 2010)). The Court entered judgment the same day.

On July 23, 2012, Shulman moved for relief from judgment. The Court denied the motion because "the fact that Amazon conducts business in Wisconsin is insufficient to establish that it is subject to jurisdiction here on Shulman's claim for wrongful discharge." ECF No. 19, August 3, 2012 Decision and Order at 1.

Instead of getting the message that he was barking up the wrong tree, Shulman moved for relief from the judgment (again) and for extension of time to file an appeal. The Court denied both motions. ECF No. 34, October 3, 2012 Decision and Order. With respect to the latter motion, the Court wrote as follows:

> Shulman, a *pro se* litigant, provides a laundry list of excuses, most of which are related to his ignorance or purported confusion over the proper interpretation of the federal civil and appellate rules of procedure. Pro se litigants are entitled to a liberal construction of their pleadings, but they are not "excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Moreover, Shulman's motion reflects a strange ambivalence about whether he actually wants to file a notice of appeal. This suggests that Shulman simply wants more time to think about appealing. Procedural deadlines cannot be ignored for the benefit of waffling litigants. Indecision does not establish good cause or excusable neglect. *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008) (courts examine the reason for the delay, i.e., whether it was within the reasonable control of the movant) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)).

*Id.* at 1-2.

Undeterred, Shulman again moved to reconsider. At this point, the Court was not inclined to entertain Shulman's frivolous and repetitive arguments. The Court denied Shulman's motion in a terse order and also denied his motion for "access to the Electronic Court Filing System" as moot. ECF No. 40, December 21, 2012 Decision and Order at 1. Amazingly, Shulman filed yet another motion for reconsideration. The Court's denial of this

motion resulted in the imposition of sanctions and a specific warning about a potential filing bar.

Shulman now moves to reconsider the award of sanctions. As before, Shulman's "arguments" devolve into a series of irrelevant distinctions and accusations that have nothing to do with the merits of the Court's ruling. If anything, Shulman is lucky that he hasn't been hit with sanctions earlier in these proceedings. Amazon's bill for the initial fee award is $1,472.00, and that was only in response to one of Shulman's post-judgment motions. ECF No. 44. The Court will now expand on this amount and impose a total sanction of $3,000.00. Shulman is also banned from filing any papers in the Eastern District of Wisconsin until this amount is paid to Amazon in full. The only exceptions to this ban are for any criminal case in which Shulman is a defendant, any application for a writ of habeas corpus, and any situation in which Shulman is filing papers in a purely defensive mode when he is cast as a defendant or respondent. *See, e.g., Reed v. Lincare, Inc.*, No. 11-C-221, 2012 WL 5906864, at *13 (E.D. Wis. Nov. 21, 2012) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) and *Matter of Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996)).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Shulman's motion for relief from the award of sanctions [ECF No. 45] is **DENIED**;

2. Shulman must pay Amazon a total sanction in the amount of **$3,000.00**;

3. The Clerk of Court shall return unfiled any papers filed by Shulman, subject to the above-noted exceptions; and

4. No earlier than two years from the date of this Order, Shulman may move for relief from the filing ban imposed herein.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2013.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**